**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Armando Caesar Rodriguez-Baron,** | ) | **CASE NO. 4:09 CV 1594** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Richard Hall, Warden** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Respondent.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Baughman (Doc. 9) which recommends denial in part and dismissal in part of the Petition for Writ of Habeas Corpus pending before the Court.  For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, Armando Caesar Rodriguez-Baron**,** commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The Magistrate Judge issued his Report and Recommendation recommending that the Petition be denied in part and dismissed in part. Petitioner filed Objections to the Report and Recommendation.

1

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

Petitioner was sentenced in 2007 by the Mahoning County Common Pleas Court to a prison term of eight years following his conviction on drug charges.  The Petition raises three grounds for relief.  The Magistrate Judge determined that Ground Three (a manifest weight of the evidence claim) involved only state law and, therefore, was not cognizable on federal habeas review.  The petitioner now states that he agrees with this conclusion.  (Doc. 10 at 2) The Court agrees with this finding which warrants dismissal of Ground Three.  Petitioner presents objections regarding Grounds One and Two.

Ground One asserts that petitioner's constitutional rights were violated when the trial court allowed his trial to be joined with that of his co-defendant. The Magistrate Judge determined that the state court correctly applied the relevant federal law in rejecting this claim.  Furthermore, petitioner's argument that he would not have agreed to preserving the anonymity of the informant had he had his own trial was unsupported.  Petitioner objects on a couple of bases.

First, petitioner asserts that the Magistrate Judge failed to address his contention that had he not been tried jointly, corroborating evidence of a duffel bag found with his co-defendant's name on it would either have not been admissible in his trial or would have had seriously less significance as to him in a separate trial.  The undisputed facts show that ATF agents entered the

home of Daniel Morales pursuant to a search warrant issued on the basis of information provided by a confidential informant. There they found Morales, petitioner, and the co-defendant. Along with marijuana found elsewhere in the house, the agents found a duffel bag containing marijuana with the co-defendant's name on it. Morales testified against petitioner and the co-defendant at trial. As noted by the state appellate court, even if petitioner had a trial separate from the co-defendant, Morales would still have testified (as he did at the joint trial) that petitioner showed up at Morales's house with three other men and marijuana in the trunk of their car, petitioner helped to unload the marijuana, and petitioner helped to divide the marijuana into baggies. Contrary to petitioner's assertion, therefore, absence of the testimony regarding the duffel bag would not likely have so benefitted petitioner so as to result in a prejudice so great as to deny him his right to a fair trial.

Second, petitioner asserts that the Magistrate Judge overlooked the fact that the state breached its prior stipulation agreeing not to introduce evidence regarding events prior to the date that the house was raided. Petitioner contends that in the absence of the breach, there would have been no evidence implicating him. There is no indication, however, that the stipulation precluded Morales from testifying about the events leading up to the raid. Rather, the state agreed to drop the drug trafficking charge in exchange for not having to reveal the identity of the confidential informant.

Ground Two asserts that petitioner received ineffective assistance of appellate counsel who failed to argue that trial counsel was ineffective. The Magistrate Judge rejected petitioner's contention that his trial counsel was ineffective for agreeing to the stipulation that preserved the anonymity of the informant in exchange for dismissal of the drug trafficking charges. Petitioner

asserts that he received no benefit given that these are allied offenses and, consequently, he could not have been convicted of both.  As noted by the Magistrate Judge, the Ohio Supreme Court decided that these were similar offenses two years after the stipulation was entered into and, thus, petitioner could have been convicted of the two crimes.  Moreover, the Magistrate Judge reasoned, the stipulation still eliminated the more serious charge.  Petitioner asserts that the Magistrate Judge was incorrect.  But, it was not until *State v. Cabrales,* 118 Ohio St.3d 54 (2008), that it was determined that possession and trafficking are allied offenses of similar import. And, it is not disputed that trafficking was the more serious charge.  Petitioner also contends that his trial counsel failed to investigate prior to entering into the stipulation.  This argument, however, essentially encompasses his earlier assertion that joinder prejudiced him- an argument lacking merit.

For these foregoing reasons, the Report and Recommendation is accepted, and the findings and conclusions incorporated herein by reference.

**Conclusion**

The Petition for Writ of Habeas Corpus is denied in part and dismissed in part. Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

                                              /s/ Patricia A. Gaughan
                                             PATRICIA A. GAUGHAN
                                             United States District Judge

Dated: 8/18/10